STATE *v.* LOKEY.

Opinion delivered April 5, 1926.

GAME—KILLING OF DOE.—Under Crawford & Moses' Dig., § 4790, it is unlawful for any person at any time "to shoot, kill, maim or wound any doe."

Appeal from Searcy Circuit Court; *J. M. Shinn,* Judge; reversed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellant.

*W. F. Reeves,* for appellee.

SMITH, J. This appeal involves the construction of § 4790, C. & M. Digest, which reads as follows: "It shall be unlawful for any person to shoot, kill, maim or wound any doe. It shall be unlawful to kill, shoot or take any wild turkey hen. It shall also be unlawful to kill, shoot or take any wild pheasant, grouse, prairie chicken or robin redbreast in this State until after the first day of January, 1922."

Appellee was charged with having violated this statute by killing a "doe deer" on or about the 11th day of November, 1925. He filed a demurrer in the circuit court to the information which had been lodged against him in the court of a justice of the peace, where the prosecution was commenced. The circuit court sustained the demurrer, holding that "there is no law against the killing of a female deer, commonly called doe," and the State has appealed.

The General Assembly at its 1917 session passed act 133 (Acts 1917, page 695), entitled, "An act to provide for a State Game and Fish Commission and to protect the game and fish and fur-bearing animals of this State, and to regulate the killing and taking of same." Section 35 of this act reads as follows:

"It shall be unlawful for any person to kill, shoot, maim, wound any deer with antlers less than five inches long, or to kill, shoot or take any wild turkey hen, wild pheasant, grouse, prairie chicken, woodcock, turtle dove

or robin redbreast in this State until after the 1st day of January, 1922.''

At the 1919 session of the General Assembly the act of 1917 was amended in many particulars (General Acts of 1919, page 204) by act 276. Among the numerous other sections of the act of 1917 amended by the act of 1919 was § 35, which was amended by the act of 1919 to read as it now appears as § 4790, C. & M. Digest, set out above.

It is contended by appellee that the inhibitions of this section expired by limitation on the 1st day of January, 1922, and the court below so held, and the correctness of this contention and holding is the question for decision.

We do not concur in the view of the court below. It will be observed that this section of the act is composed of three separate and complete sentences. By the first sentence it is made unlawful for any person to shoot, kill, maim or wound any doe. By the second sentence it is made unlawful for any person to kill, shoot or take any wild turkey hen. By the third and last sentence an additional inhibition is imposed, and it is made unlawful for any person to kill, shoot or take any wild pheasant, grouse, prairie chicken or robin redbreast until after the first day of January, 1922.

As we interpret this section of the act, it was made unlawful to shoot, kill, maim or wound a doe, or to kill, shoot or take a wild turkey hen at any time, and it was also made unlawful to kill, shoot or take any of the other game mentioned until after the first day of January, 1922. It may be said, in passing, that the closed season on certain game mentioned in the third sentence of this section has been extended by act 500 of the General Acts of 1923 (Acts 1923, page 407).

It is the insistence of appellee, and was the view of the court below, that the word ''also'' appearing in the third sentence should be read as a conjunction, connecting the three sentences, and thereby reading into each of the first two sentences the limitation on the inhibition

contained in the third sentence, making the inhibitions contained in the first two sentences expire on January 1, 1922. As we have said, we do not concur in this view. The first two sentences impose inhibitions without limitation as to time, and, in addition, in the third sentence it is inhibited to kill, shoot or take certain other game until after January 1, 1922.

The court below was therefore in error in holding that no offense had been charged against appellee, for it is unlawful to kill a doe at any season of the year. The judgment of the court below will therefore be reversed, and the cause remanded.